## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **EUGENE ANDREWS** (K-56087), | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16 C 7671 |
| **RANDY PFISTER**, Warden, et al., | ) ) ) |
| Defendants. | ) |

### MEMORANDUM ORDER

Pro se prisoner plaintiff Eugene Andrews ("Andrews") has again demonstrated (in more than one way) that he is really not qualified to represent himself in this lawsuit that he began by filing a "Complaint Under the Civil Rights Act, Title 42 Section 1983," employing the form provided by the Clerk's Office for use by prisoners in custody. This Court's August 3, 2016 memorandum order (the "Order"), issued less than a week after Andrews' suit documents were received in the Clerk's Office, explained in part that the consistently high balance in Andrews' trust fund account at Stateville Correctional Center disqualified him for in forma pauperis status. Although Andrews therefore had to pay the statutory $400 filing fee up front and did so, his actions thereafter plainly displayed an inability on his part to handle the responsibility required for him to go forward without the assistance of counsel.

For example, on September 9 the Clerk's Office inexplicably received from Andrews another photocopy of his self-prepared Complaint (which had originally been filed on July 28), and then on September 14 the Clerk's Office received a document hand-printed by Andrews that this Court has frankly found unintelligible. All of this escalates the importance of Andrews being

provided with counsel designated from this District Court's trial bar to represent him, a step that Andrews had attempted at the outset but that this Court's almost-immediately-issued Order found it necessary to deny because Andrews then-filed Motion for Counsel (the "Motion," submitted on another Clerk's-Office-supplied form) "has not shown what attempt, if any, Andrews has made to retain counsel on his own, a requirement imposed by such Seventh Circuit decisions as that court's en banc opinion in <u>Pruitt v. Motz</u>, 503 F.3d 647, 654-55 (7th Cir. 2007)." That inadequacy should have been obvious to Andrews, because he had left blank the space provided in Paragraph 2 of that form calling for such information despite the form's statement: "[**NOTE**: This item *must* be completed].

This Court is accordingly transmitting to Andrews, together with a copy of this memorandum order, three fresh copies of the Motion form. Andrews should promptly fill out and return two of those copies to the Clerk's Office with an appropriate representation as to whatever steps he has taken to try to get a lawyer to handle his case (not a very demanding requirement, and one that this Court recognizes is likely to be unsuccessful), and this Court will then act on the Motion so that Andrews' case can go forward.

                                         _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: September 21, 2016