**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EUGENE ANDREWS** (K-56087), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 16 C 7671 |
| | ) | |
| **CARRIE ANDERSON**, Officer of the | ) | |
| Administrative Review Board Office, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Prisoner plaintiff Eugene Andrews ("Andrews"), approaching the windup of his

August 31, 1999 sentence of 15 years (culminating in a 3-year Mandatory Supervised Release

("MSR") term) on three counts of attempted murder, initiated this action on July 28, 2016 with a

pro se Complaint charging that he was being held beyond his scheduled out date. After

Andrews' request for in forma pauperis status had been denied because his financial disclosure

revealed that he was able to pay the filing fee in full, rather than on the installment basis

prescribed for prisoner plaintiffs under 28 U.S.C. § 1915, he paid the $400 filing fee, after which

this Court granted his motion for legal counsel and obtained the name of a member of the

District Court trial bar -- John Ferjak ("Ferjak") -- to represent him.

Attorney Ferjak addressed his responsibility in a professional manner, filing an Amended

Complaint on Andrews' behalf and looking into the merits (or, in this instance, what proved to be

the lack of substantive merit) of Andrews' claim. It turned out that Andrews, who was faced

with a new murder charge in April 2014 (after he had already been released from custody on his

earlier attempted murder sentence in December 2012, subject to the 3-year MSR), suffered a

revocation of the MSR because of the new murder charge. That revocation required Andrews to

finish the remainder of his MSR sentence (just under 21 months) in the custody of the Illinois Department of Corrections, with a scheduled release date of January 16, 2016.

As Andrews' Complaint in this action would have it, his continued detention beyond that release date violated his rights under 42 U.S.C. § 1983. But as Ferjak's research in Andrews' case disclosed, Andrews had earlier been charged and found guilty in 2014 and 2015 of three violations of the Illinois Administrative Code (the "Code"), Title 20 Section 504 et seq. -- violations involving (1) assaults on several persons, including prison staff members and another inmate, and (2) disobedience to a direct order. Under the Code, the Adjustment Committee having the responsibility to deal with such violations is obligated to ("shall") take appropriate disciplinary action, which can include (a) the revocation of a prisoner's statutory sentence credit or (b) the recommendation of an adjustment of provisionally awarded supplemental sentence credit. In Andrews' case the discipline that was imposed was the revocation of his good conduct credit for a collective period of one year and nine months.

That combination of circumstances required Andrews, despite his having completed his earlier-described term for violation of the MSR, to serve the 21-month term of his revoked good conduct credit as well. And that being the case, attorney Ferjak quite understandably viewed Andrews' claim of wrongful detention to be entirely unfounded -- frivolous in the legal sense -- so he filed a motion to withdraw his representation of Andrews, coupled with a supporting memorandum pursuant to Anders v. California, 386 U.S. 738 (1967).[1]

_____

[1] This Court has attached copies of that motion and memorandum (collectively Dkt. No. 27) as Ex. 1 to this memorandum order.

On July 12, 2017 this Court therefore (1) issued a memorandum order granting attorney Ferjak's motion to withdraw as Andrews' counsel and (2) directed Andrews to file a submission on or before August 16 as to why this action should not be dismissed for the reasons advanced by attorney Ferjak in identifying Andrews' failure to state a claim. With August 16 having come and gone with no such submission having been received from Andrews, this Court issued an August 21, 2017 memorandum order (Dkt. No. 30) dismissing this action and terminating the case.

Because of a brief delay in the processing of filed documents in the Clerk's Office, it was a day or two later before this Court received copies of three documents, handprinted by Andrews and received in the Clerk's Office on August 18 (Dkt. Nos. 32, 33 and 34): a "Motion for Appointment of Counsel Pursuant to Tedder v. Fairman," a "Motion To Proceed Pro Se Without Counsel" and a "Memorandum in Support" of the last-described motion. This Court will not of course reject those recent filings by Andrews on timeliness grounds, but will instead turn to them as a substantive matter.

In that respect Andrews' filings have disclosed an utter failure on his part to understand the explanation provided by attorney Ferjak's submissions set out in Dkt. No. 27 and summarized in this opinion, so that Andrews has not advanced any reason why the fundamental defect disclosed in that explanation is not fatal to his lawsuit. Accordingly all of Dkt. Nos. 32, 33 and 34 are rejected, with Andrews' Dkt. Nos. 32 and 33 motions being denied out of hand.

_____
Milton I. Shadur
Senior United States District Judge

Date: September 13, 2017

- 3 -

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**


| | | |
|---|---|---|
| EUGENE ANDREWS | ) | |
| | ) | |
| Plaintiff | ) | No. 16 CV 07671 |
| | ) | |
| Vs | ) | |
| | ) | |
| CARRIE ANDERSON, Officer of the | ) | |
| Administrative Review Board Office, | ) | |
| JOHN R. BALDWIN, Director of the | ) | |
| Illinois Dept. of Corrections; and | ) | |
| CRAIG FINDLEY, Chairman of the | ) | |
| Illinois Prisoner Review Board. | ) | |
| | ) | |
| Defendants | ) | |


**MOTION TO WITHDRAW AS COUNSEL PURSUANT**
**TO *ANDERS V. CALIFORNIA***

NOW COMES John T. Ferjak, Attorney at Law, the Court appointed attorney for the Plaintiff, and moves this Honorable Court for leave to withdraw as appointed counsel for the Plaintiff Eugene Andrews, in this cause pursuant to *Anders v California* 386 U.S. 738 (1967). In support of this motion, John T. Ferjak, appointed counsel states:


1.      On or about August 31, 1999 Plaintiff was sentenced to serve a 15-year sentence for three

counts of attempted murder (99CR2220301, 99CR2220201, 99CR2220101). On December 31,

2012 Plaintiff was released from custody of the Illinois Department of Corrections, with a 3-year

Mandatory Supervised Release (MSR).

2.      On or about April 19, 2014 Plaintiff was arrested and charged with first degree murder.

3.      On or about April 22, 2014 While at the Illinois Department of Corrections (IDOC),

Northern Reception Center at Statesville, Plaintiff's MSR was revoked due to the violation of the

terms of his MSR. and was sentenced to finished the remainder of his MSR, 1 year, 8 months, 24

days, in the custody of the IDOC with a release date of January 16, 2016.

1

4.     The release date of January 16, 2016 was calculated by the Prisoner Review Board and overseen by Defendants Carrie Anderson and Craig Findley. (See Attached Exhibit A)

5.     On May 2, 2016 Plaintiff filed an Offender's Grievance setting forth the terms of his confinement and failure by the defendants to release him from Illinois Department of Corrections custody and return him to Cook County Jail during the pendency of the Murder charges.

6.     For a Period of 106 days the plaintiff alleged he was wrongfully detained and imprisoned by the IDOC after he had completed his remaining sentence under the attempted murder charges, and during the pendency of his murder case.

7.     Since the filing of his original grievance and subsequent amended complaint. Evidence has come to the attention of Plaintiff's appointed counsel regarding the calculation of his release date under his violated MSR period that negates the plaintiff's cause of action. Accordingly, Plaintiff's Counsel has concluded that continued prosecution of this cause would be frivolous. Plaintiff's counsel has personally informed the Plaintiff of his conclusion in an attempt to secure Plaintiff's agreement in dismissing his suit, however counsels request was denied by the plaintiff. Counsel now submits the instant motion to withdraw. Attached is a brief in support of the present motion to withdraw pursuant to *Anders v California* 386 U.S. 738 (1967).

WHEREFORE, the office of, John T. Ferjak, Attorney at Law, respectfully moves this Honorable Court grant his motion to withdraw as counsel for the Plaintiff.

Respectfully submitted

John Ferjak

John Ferjak No. 6208859
John T. Ferjak, Attorney at Law
570 N. Lake Street
Aurora, IL 60506 (630) 687-7132

2

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

EUGENE ANDREWS             )
)
        Plaintiff        )       No. 16 CV 07671
)
Vs                          )
)
CARRIE ANDERSON, Officer of the   )
Administrative Review Board Office,   )
JOHN R. BALDWIN, Director of the   )
Illinois Dept. of Corrections; and      )
CRAIG FINDLEY, Chairman of the    )
Illinois Prisoner Review Board.       )
)
        Defendants     )

## MEMORANDUM IN SUPPORT OF
## MOTION TO WITHDRAW AS COUNSEL PURSUANT
## TO *ANDERS V. CALIFORNIA*

NOW COMES John T. Ferjak, Attorney at Law, the Court appointed attorney for the Plaintiff, and moves this Honorable Court for leave to withdraw as appointed counsel for the Plaintiff Eugene Andrews, in this cause pursuant to *Anders v California* 386 U.S. 738 (1967). In support of this motion, John T. Ferjak, appointed counsel states:

## STATEMENT OF FACTS

On or about August 31, 1999 Plaintiff was sentenced to serve a 15-year sentence for three counts of attempted murder (99CR2220301, 99CR2220201, 99CR2220101). On December 31, 2012 Plaintiff was released from custody of the Illinois Department of Corrections, with a 3-year Mandatory Supervised Release (MSR). On or about April 19, 2014 Plaintiff was arrested and charged with first degree murder. On or about April 22, 2014 While at the IDOC Northern Reception Center at Statesville, Plaintiff's MSR was revoked due to the new charge of murder and was sentenced to finished the remainder of his MSR sentence, (1 year, 8 months, 24 days), in the custody of the Illinois Department of Corrections with a release date of January 16, 2016.

1

The release date of January 16, 2016 was calculated by the Prisoner Review Board and overseen by Defendants Carrie Anderson and Craig Findley. (See Attached Exhibit A)

On May 2, 2016 Plaintiff filed an Offender's Grievance setting forth the terms of his confinement and failure by the defendants to release him from Illinois Department of Corrections custody and return him to Cook County Jail during the pendency of the murder charges. Subsequently the instant case alleging a violation of the plaintiff's civil rights under 42 U.S.C. Sec. 1983, and the First and Fourteenth Amendments to the United States Constitution was filed with the Court.

For a Period of 106 days the plaintiff alleged he was wrongfully detained and imprisoned by the IDOC after he had completed his remaining sentence for violating his Mandatory Supervised Release (MSR) under the attempted murder charges, and during the pendency of his murder case.

At the time of Plaintiff's processing at the NRC and during his incarceration for violating the terms of his MSR. Plaintiff was charged with and found to be guilty of the following sections of Illinois Administrative Code Title 20 Section 504 et seq.;

1.  June 29, 2014
    Incident Number 201401973/1-STA;
    Location, NRC (Statesville);
    Offense, 102 Assaulting Any Person-Staff, 403 Disobeying a Direct Order;

2.  June 11, 2015
    Incident Number 201501720/1 STA;
    Location, NRC (Statesville);
    Offense, 102, Assaulting Any Person, 206 Intimidation, 402 Health

3.  February 21, 2015
    Incident Number 201500476/1 STA;
    Location, NRC (Statesville);
    Offense, 102, Assaulting Any Person-inmate

Pursuant to Ill. Admin. Code Title. 20, § 504.80(l)(4)(F) The Adjustment Committee has the authority to revoke or modify the statutory sentence credit of an offender based upon the evidence presented for a violation of the Ill. Admin Code Title 20 Sec 504. et. seq.

The Adjustment Committee ***shall*** take one of the following actions, based upon the evidence admitted:

….

4)     Find that the offender did commit the offense or a lesser offense for which the elements were included in the original charge. The Adjustment Committee may recommend one or more of the following disciplinary actions:

    A)    Reprimand the offender.

    B)    Suspend or restrict one or more privileges of the offender for a specific period of time.

    C)    Reduce the offender's grade or level.

    D)    Change the offender's program.

    E)    Change the offender's housing assignment or transfer the individual to another correctional facility.

    **F)    Revoke the offender's statutory sentence credit or recommend an adjustment of provisionally awarded supplemental sentence credit.**

    G)    Increase the offender's security classification.

    H)    Place the offender in segregation or confinement. If the offender has been diagnosed as seriously mentally ill, the Adjustment Committee shall consider the recommendation of the reviewing mental health professional for the term of segregation, including no period of segregation.

    I)    Require the offender to make restitution.

    J)    Revoke the offender from a transition center. If revocation is recommended, the Adjustment Committee may also recommend reduction in grade and placement in segregation.

    K)    Require forfeiture of items of contraband used in the offense or possessed in violation of this Part.

. . .

As a result of the infractions listed above the plaintiff's Good Conduct Credit (GCC) or

SGT was revoked for a collective period of 1 year and 9 months. (Group Exhibit B) as a result,

regardless of the plaintiff's completion of his 1 year 8 months and 24 days for violation of his

MSR (Mandatory Supervised Release), he would still be required to serve the 1 year and 9

months of his revoked GCC or SGT for the infractions listed above in the custody of the Illinois

Department of Corrections. Accordingly, the Plaintiff was not wrongfully detained by the

Defendants.

## **CONCLUSION**

Based upon the evidence shown above and the application of the Illinois administrative code

Title 20 Section 504 et seq. Counsel has concluded that the present complaint and the allegations

contained therein are without merit and further litigation would be frivolous.

WHEREFORE, the office of, John T. Ferjak, Attorney at Law, respectfully moves this

Honorable Court grant his motion to withdraw as counsel for the Plaintiff.


Respectfully submitted

John Ferjak


John Ferjak No. 6208859
John T. Ferjak, Attorney at Law
570 N. Lake Street
Aurora, IL 60506 (630) 687-7132

4